**MORTGAGE RECOVERY LAW GROUP, LLP**
MICHAEL H. DELBICK (State Bar No. 139200)
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900
Facsimile: (818) 630-7920
e-mail: mdelbick@themrlg.com

**WOLLMUTH MAHER & DEUTSCH LLP**
RYAN A. KANE (*Admitted Pro Hac Vice*)
ADAM M. BIALEK (*Admitted Pro Hac Vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
e-mail: rkane@wmd-law.com
e-mail: abialek@wmd-law.com

Attorneys for Federal Deposit Insurance Corporation as Receiver for Signature Bank

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMERON N. VERDI,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SIGNATURE BANK, et al.,<br><br>Defendants. | Case No. 8:23-cv-01206-JVS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hon. James V. Selna<br><br>Date: September 18, 2023<br>Time: 1:30 p.m. |

# TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 1

A. The FDIC is appointed as Receiver for Signature Bank after it fails. ........ 1

B. The mandatory FIRREA claims process. ........ 2

C. Plaintiff has not exhausted the mandatory FIRREA claims process. ........ 2

D. Plaintiff commenced the state court action two days after submitting his claim and before exhausting the FIRREA claims process. ........ 3

E. The State Court Action. ........ 3

F. FDIC-R's substitution for Signature and removal of the action to this Court. ........ 4

G. FDIC-R's motion to dismiss. ........ 4

ARGUMENT ........ 5

I. REMOVAL WAS PROPER, THE COURT HAS FEDERAL JURISDICTION OVER THIS CASE, AND THE NARROW "STATE LAW EXCEPTION" DOES NOT APPLY HERE ........ 5

A. The FDIC-R has broad removal authority. ........ 5

B. The narrow "state law exception" does not apply here because this case involves interpretation and application of federal law. ........ 7

1. Plaintiff's failure to comply with the FIRREA claims process requires interpretation of federal law. ........ 7

2. Plaintiff's failure to file his complaint in the proper jurisdiction requires interpretation of federal law. ........ 9

3. The issue of the FDIC-R's ownership of the claims that Plaintiff seeks to assert also involves interpretation of federal law. ........ 10

C. The narrow "state law exception" also does not apply because Plaintiff admits that California law governs his claims, not New York law. ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. FDIC*,
710 F.3d 978 (9th Cir. 2013) ....................5

*Am. W. Bank Members v. Utah*,
Case No. 2:16-CV-326, 2023 WL 4108352 (D. Utah June 21, 2023) ....................11

*Atherton v. FDIC*,
519 U.S. 213 (1997) ....................7

*Benson v. JPMorgan Chase Bank, N.A.*,
673 F.3d 1207 (9th Cir. 2012) ....................8

*Bullion Servs., Inc. v. Valley State Bank*,
50 F.3d 705 (9th Cir. 1995) ....................5

*Capizzi v. FDIC*,
937 F.2d 8 (1st Cir. 1991)....................7

*Castleberry v. Goldome Credit Corp.*,
408 F.3d 773 (11th Cir. 2005) ....................6

*Diaz v. McAllen State Bank*,
975 F.2d 1145 (5th Cir. 1992) ....................7, 9

*FDIC v. Beatley*,
Case No. 2:10-CV-229, 2011 WL 665448 (S.D. Ohio Feb. 11, 2011) ....................8

*FDIC v. Davidyuk*,
Case No. C13–1592JLR, 2014 WL 2893309 (W.D. Wash. June 25, 2014) ....................7

*Grimes v. Fremont Gen. Corp.*,
933 F. Supp. 2d 584 (S.D.N.Y. Mar. 22, 2013) ....................5

*Henderson v. Bank of New England*,
986 F.2d 319 (9th Cir. 1993) ....................8

*Holmes v. FDIC*,
Case No. 11-CV-211, 2011 WL 1750227 (E.D. Wis. May 6, 2011) ....................8

*Kaiser v. Fairfield Props.*,
Case No. 20-CV-05399 (GRB) (JMW),
2022 WL 17412405 (S.D.N.Y. Feb. 11, 2022) ....................5

*Khan v. United States*,
548 F.3d 549, 556 (7th Cir. 2008) ....................11

*Kirkbride v. Cont'l Cas. Co.*,
933 F.2d 729 (9th Cir. 1991) ....................5

*Lamar, Archer & Cofrin, LLP v. Appling*,
138 S. Ct. 1752 (2018) ....................11

*Lazuka v. FDIC*,
931 F.2d 1530 (11th Cir. 1991) ....................................................................7

*McCarthy v. FDIC*,
348 F.3d 1075 (9th Cir. 2003) ....................................................................8

*MTB Enters. v. ADC Venture 2011-2, LLC*,
780 F.3d 1256 (9th Cir. 2015) ....................................................................10

*Nassirpour v. FDIC*,
Case No. CV 08-7164-GHK (AJWx),
2008 WL 5412432 (C.D. Cal. Dec. 29, 2008)....................................................6

*O'Melveny & Myers v. FDIC*,
512 U.S. 79 (1994) ....................................................................7

*Pareto v. FDIC*,
139 F.3d 696 (9th Cir. 1998) ....................................................................11

*Pollock v. FDIC*,
17 F.3d 798 (5th Cir. 1994) ....................................................................7

*Potter v. JPMorgan Chase Bank, N.A.*,
Case No. CV 13–863 CAS(AGRx),
2013 WL 1912718 (C.D. Cal. May 8, 2013)....................................................8

*Reding v. FDIC*,
942 F.2d 1254 (8th Cir. 1991) ....................................................................7

*Rodriguez v. Hillview Condo. Corp.*,
Case No. 15-1648 (JAG), 2018 WL 9412720 (D.P.R. Apr. 24, 2018) .................8

*Shaw v. Bank of Am. Corp.*,
946 F.3d 533 (9th Cir. 2019) ....................................................................10

*Sheffield v. FDIC*,
Case No. 09–00061–KD–M,
2009 WL 3003717 (S.D. Ala. Sep. 14, 2009) ............................................12, 13

*White v. United States*,
Case No. 2:21-CV-0118-JAM-DMC-P,
2022 WL 2307649 (E.D. Cal. June 27, 2022)..................................................10

*Zucker v. Rodriguez*,
919 F.3d 649 (1st Cir. 2019)....................................................................11

**Statutes**

12 U.S.C. § 1819....................................................................*passim*

12 U.S.C. § 1821....................................................................*passim*

28 U.S.C. § 1441....................................................................5

The Federal Deposit Insurance Corporation ("FDIC") in its capacity as the Receiver for Signature Bank ("FDIC-R") submits this Memorandum of Points and Authorities in opposition to the Motion to Remand ("Mot." or "Motion") filed by Plaintiff Cameron N. Verdi ("Verdi" or "Plaintiff").

## INTRODUCTION

Plaintiff's motion to remand this case to California state court should be denied because he does not meet the requirements to apply the limited "state law exception" to removal in 12 U.S.C. § 1819(b)(2)(D), and thus this case is governed by the FDIC's broad removal authority, set forth in 12 U.S.C. § 1819(b)(2)(B). Specifically, Plaintiff cannot meet the third prong of the "state law" test, which provides an exception to removal only in cases where the law of the state of the insured depository, here New York, is exclusively applied because (1) the FDIC-R has defenses that require the interpretation and application of federal law (*see* Section I-B *infra*); and (2) Plaintiff admits that he brings all his claims under California law (*see* Section I-C *infra*).

## BACKGROUND

The relevant background to this action, including facts relevant to the FDIC-R's federal defenses, is briefly set forth below.

### A. The FDIC is appointed as Receiver for Signature Bank after it fails.

On March 12, 2023, the New York State Department of Financial Services closed Signature Bank ("Signature" or "Bank") and appointed the FDIC as Receiver for Signature. Declaration of Donald G. Grieser ("Grieser Decl.") ¶ 3 (ECF No. 17-2); Ex. A (ECF No. 17-3).[1] The FDIC accepted the appointment on the same day. *Id.* Upon its appointment, the FDIC succeeded by operation of law to "all rights, titles, powers, and privileges" of Signature, and became vested with the power to resolve

[1] The Grieser Decl. was previously submitted with the FDIC-R's motion to dismiss (ECF No. 17). The FDIC-R incorporates the Grieser Decl. with this opposition and has attached it as Exhibit 1 for the Court's reference. "Exhibit" or "Ex." herein refers to the Exhibits to the Grieser Decl.

outstanding claims against the institution in receivership. 12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(3).

**B. The mandatory FIRREA claims process.**

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") sets forth a mandatory and exclusive claims process that applies to all claims against the FDIC as receiver for a failed banking institution. *Id.* §§ 1821(d)(3)-(13). After a claim is filed, the receiver has 180 days to determine whether to allow or disallow the claim. *Id.* § 1821(d)(5)(A)(i). If a claim is allowed, it is entitled to payment in accordance with the priority scheme under FIRREA. *Id.* § 1821(d)(11)(A). If the receiver disallows the claim, or the 180-day period expires without action by the receiver, the claimant then has 60 days to sue for a *de novo* judicial determination of the claim (or to continue any pre-receivership litigation). *Id.* § 1821(d)(6)(A).

**C. Plaintiff has not exhausted the mandatory FIRREA claims process.**

On April 15, 2023, Plaintiff filed an administrative claim for $250,000 with the FDIC-R. Grieser Decl. ¶ 6. The claim attached a draft complaint, which alleged that Signature and several former Signature officers "engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff in connection with his purchases of [Signature] stock during March 2022 through March 10, 2023." *See id.*; Ex. B at 10 (ECF No. 17-4).

On April 18, 2023, the FDIC sent Plaintiff a letter informing him that as a shareholder he had a stockholder equity claim against the FDIC-R and that, if assets are liquidated which generate excess cash, then dividends are paid to proven claimants of the FDIC-R in the order of priority according to the statutory scheme, which places shareholders as having the lowest priority of any claim (under 12 U.S.C. § 1821(d)(11)(A)(v)) ("Shareholder Claim Letter"). Grieser Decl. ¶ 7; Ex. C (ECF No. 17-5). However, the Shareholder Claim Letter did not address, disallow, nor make any determination regarding Plaintiff's claim against the FDIC-R seeking

damages based on the tort claims alleged in the draft complaint. Grieser Decl. ¶¶ 8-9.

To date, the FDIC-R has made no determination regarding Plaintiff's claim, and it is currently pending review. *Id.* ¶ 10. The 180-day statutory claims determination period for that claim began to run on April 15, 2023, the date of Plaintiff's submission, and will expire on October 12, 2023. *Id.*; 12 U.S.C. § 1821(d)(5)(A).

**D. Plaintiff commenced the state court action two days after submitting his claim and before exhausting the FIRREA claims process.**

Even if the Shareholder Claim Letter sent to Plaintiff on April 18 is deemed to have rejected his claim (which it did not), Plaintiff filed his complaint in the Superior Court of California for Orange County, Case No. 30-2023-01320079-CU-FR-CJC ("State Court Action") on April 17, 2023, before that letter was sent. Because Plaintiff filed suit before the FDIC-R (even arguably) decided the claim, the complaint was filed prematurely, *i.e.*, prior to exhausting the mandatory FIRREA claims process, and the Court lacks subject matter jurisdiction to consider this complaint. *See infra* at pp. 7-9. The complaint names Signature, former Signature officers Joseph DePaolo, Stephen Wyremski, and Eric Howell (collectively, the "Individual Defendants"), and Does 1 to 10 as Defendants, and asserts claims identical to those in the draft complaint Plaintiff had filed with the FDIC-R just two days earlier. ECF No. 1-5. On April 21, 2023, Plaintiff filed an amended complaint that is substantially the same as his earlier pleading. ECF No. 1-8 ("AC").

**E. The State Court Action.**

Plaintiff asserts claims against all Defendants as a stockholder of Signature. *Id.* ¶ 2. He alleges that he purchased shares of Signature following certain public statements from the Defendants on March 1, 2022 and on March 10, 2023 (in both instances buying on margin using funds borrowed from TD Ameritrade). *Id.* ¶¶ 25, 35-37. His complaint includes causes of action for fraudulent concealment,

constructive fraud, conspiracy to defraud, and aiding and abetting breach of fiduciary duty as to all Defendants (First, Second, Third, and Sixth Causes of Action), and breach of fiduciary duty and breach of duty of loyalty as to the Individual Defendants (Fourth and Fifth Causes of Action). *Id.* ¶¶ 141-201.

Plaintiff's claims against the Individual Defendants complain of alleged misconduct and mismanagement at Signature. Plaintiff's claimed damages against Defendants rely on an alleged reduction in the value of Signature's assets and stock value. Plaintiff also seeks punitive and exemplary damages against the Individual Defendants. *Id.* at Prayer for Relief. Plaintiff argues that "the issues presented are controlled by the law of this state, California," and "[e]ach cause of action was carefully crafted with specificity, capturing the spirit of California Code of Civil Procedure's pleading standards. Each element for each cause of action . . . [is] tethered to California statute or common law." Mot. at 4, 13.

**F. FDIC-R's substitution for Signature and removal of the action to this Court.**

On July 5, 2023, the FDIC-R filed a Notice of Substitution in the State Court Action for defendant Signature as the real party in interest to oppose the claims asserted against the bank. ECF No. 1-3. On July 6, 2023, following the FDIC-R's substitution in the State Court Action, the FDIC-R removed the State Court Action to this Court pursuant to its statutory authority under FIRREA, as codified in 12 U.S.C. § 1819(b)(2)(B). ECF No. 1. At the time of removal, no other defendant had appeared in the State Court Action and no defendant had answered the complaint.

**G. FDIC-R's motion to dismiss.**

On August 2, 2023, the FDIC-R moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and FIRREA (12 U.S.C. § 1821(d)) on the grounds that under FIRREA this Court lacks subject matter jurisdiction, and Plaintiff fails to plead claims upon which any relief can be granted because he does not own the claims he asserts as a matter of federal banking law.

## ARGUMENT

### I. REMOVAL WAS PROPER, THE COURT HAS FEDERAL JURISDICTION OVER THIS CASE, AND THE NARROW "STATE LAW EXCEPTION" DOES NOT APPLY HERE

#### A. The FDIC-R has broad removal authority.

The FDIC-R removed this action under 12 U.S.C. § 1819, and the statute governing general removal, 28 U.S.C. § 1441(a). Section 1819(b)(2)(A) provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 731 (9th Cir. 1991). Section 1819(b)(2)(B) further provides that the FDIC-R "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B); *see also Allen v. FDIC*, 710 F.3d 978, 980-81 (9th Cir. 2013); *Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995).

Because section 1819 expressly deems civil actions in which the FDIC is a party to arise under federal law, federal jurisdiction is presumptively proper in such cases. *Bullion*, 50 F.3d at 707 ("In light of these statutory provisions . . . cases involving [the] FDIC should generally be heard and decided by the federal courts.") (quoting *Kirkbride*, 933 F.2d at 731-32). Plaintiff's argument that "state courts are best placed to address this complaint" (Mot. at 5) mistakenly relies on cases that deal with the exercise of supplemental jurisdiction generally, and therefore have no application to the FDIC-R's FIRREA removal authority. *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 603 (S.D.N.Y. Mar. 22, 2013) (cited Mot. at 5-6); *Kaiser v. Fairfield Props.*, Case No. 20-CV-05399 (GRB) (JMW), 2022 WL 17412405, at *7 (S.D.N.Y. Feb. 11, 2022) (cited Mot. at 6).

Only one exception to federal jurisdiction is provided in 12 U.S.C. §

1819(b)(2), the so-called "state law exception." For the exception to apply, the case must be one:

> (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary . . . .

12 U.S.C. § 1819(b)(2)(D). The state law exception is a "narrow exception" to jurisdiction over actions in which the FDIC as receiver is a party. *Nassirpour v. FDIC*, Case No. CV 08-7164-GHK (AJWx), 2008 WL 5412432, at *1 (C.D. Cal. Dec. 29, 2008) (citing *Bullion*, 50 F.3d at 707). The exception does not apply unless the party seeking remand establishes all three prongs. *Id.* (citing *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005)).

In considering whether the state law exception in section 1819(b)(2) applies, "the 'burden' on proving the three criteria in § 1819(b)(2)(D) shifts to the party objecting to removal after the prerequisites for removal under § 1819(b)(2)(B) are met." *Id.* at *1 (citing *Castleberry*, 408 F.3d at 785). For this reason, Plaintiff's argument that a heavy burden should be imposed on the FDIC-R here (Mot. at 6-7), fails because removal was proper under section 1819(b)(2)(B). It is Plaintiff's burden to show that the state law exception applies.

Here, Plaintiff cannot meet his burden to show that the state law exception applies because, as explained below, (1) the FDIC-R has federal defenses that require the interpretation and application of federal law; and (2) the claims asserted against the FDIC-R require the interpretation of state law different from the state in which Signature was chartered.

**B. The narrow "state law exception" does not apply here because this case involves interpretation and application of federal law.**

Contrary to Plaintiff's incorrect contention that the "existence of federal jurisdiction on removal must be determined from the face of plaintiffs' complaint" (Mot. at 8), courts "consider the case as a whole—complaint and likely defenses as well." *See, e.g.*, *Pollock v. FDIC*, 17 F.3d 798, 802 (5th Cir. 1994); *Capizzi v. FDIC*, 937 F.2d 8, 10-11 (1st Cir. 1991); *Lazuka v. FDIC*, 931 F.2d 1530, 1533-34, 1538 (11th Cir. 1991) (superseded by statute on other grounds); *Reding v. FDIC*, 942 F.2d 1254, 1257-58 (8th Cir. 1991); *see also FDIC v. Davidyuk*, Case No. C13–1592JLR, 2014 WL 2893309, at *5 (W.D. Wash. June 25, 2014) (explaining that "the court is not restricted to the 'well pleaded complaint' rule, but may look to FDIC-R's defenses as well."). Where, as here, the FDIC-R "raises a federal defense, then a court may be required to interpret more than state law," and the case cannot be remanded to state court. *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149 (5th Cir. 1992). The Court need not decide the outcome of the FDIC-R's federal defenses, "but [should] simply decide whether the 'claimed federal defense presents a colorable issue for decision and is not meritless.'" *Id.* at 1150 (quoting *Reding*, 942 F.2d at 1258).

Here, the FDIC-R has at least three independent substantive defenses, which are applicable to all Defendants, that require interpretation and application of federal law, thus rendering the state law exception inapplicable.[2]

**1. Plaintiff's failure to comply with the FIRREA claims process requires interpretation of federal law.**

The first federal defense derives from Plaintiff's failure to comply with the mandatory FIRREA claims process. *See* MPA in Supp. of Mot. to Dismiss (ECF No. 17-1) at 8-10. Courts have routinely held that a FIRREA claims process defense defeats the state law exception to removal under section 1819(b)(2)(D). *See, e.g.*,

[2] None of Plaintiff's cited cases in support of his assertion that only state law is at issue in this case address the federal defenses raised by the FDIC-R in this action. *See, e.g.*, *O'Melveny & Myers v. FDIC,* 512 U.S. 79, 86 (1994) (subrogee tort claims) (cited Mot. at 9); *Atherton v. FDIC*, 519 U.S. 213, 213-17 (1997) (gross negligence standard) (cited Mot. at 9).

*Rodriguez v. Hillview Condo. Corp.*, Case No. 15-1648 (JAG), 2018 WL 9412720, at *4-5 (D.P.R. Apr. 24, 2018); *Holmes v. FDIC*, Case No. 11-CV-211, 2011 WL 1750227, at *5 (E.D. Wis. May 6, 2011); *FDIC v. Beatley*, Case No. 2:10-CV-229, 2011 WL 665448, at *6 (S.D. Ohio Feb. 11, 2011), *report and recommendation adopted by* 2011 WL 839258 (S.D. Ohio Mar. 4, 2011).

The FIRREA claims process requires that all creditors having claims seeking a determination of rights with respect to the assets of a failed institution or relating to any act or omission of such institution must first present them to the FDIC-R for an administrative determination. 12 U.S.C. § 1821(d)(3)-(5); *see Potter v. JPMorgan Chase Bank, N.A.*, Case No. CV 13–863 CAS (AGRx), 2013 WL 1912718, at *4 (C.D. Cal. May 8, 2013) ("[A] claimant 'must complete the claims process before seeking judicial review.'") (citation omitted). As Plaintiff concedes, no court, state or federal, may exercise subject matter jurisdiction over such claims unless and until the FIRREA claims process is exhausted. Mot. at 11; 12 U.S.C. § 1821(d)(13)(D); *see Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) ("FIRREA requires that a plaintiff exhaust these administrative remedies with the FDIC before filing certain claims."); *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993) ("The statute bars judicial review of any non-exhausted claim, monetary or nonmonetary, which is 'susceptible of resolution through the claims procedure.'") (citation omitted); *McCarthy v. FDIC*, 348 F.3d 1075, 1078-79 (9th Cir. 2003) (same).

As Plaintiff further concedes, federal law governs a claimants' rights (or lack thereof) if they fail to exhaust the FIRREA claims process or if the FDIC-R disallows their claim. Mot. at 12; *see* 12 U.S.C.§ 1821(d); *Potter*, 2013 WL 1912718, at *3-4, *10-11 (dismissing case due to claimant's failure to comply with the federal claims process delineated at 12 U.S.C. § 1821 *et seq.*). If a claim is disallowed, a claimant's ability to challenge the FDIC-R's determination is also governed by federal law. 12 U.S.C. § 1821(d)(6)(A); *Potter*, 2013 WL 1912718, at *3. Thus, federal law, not state

law, governs the mandatory FIRREA claims process.

In accordance with these federal statutory provisions, the FDIC-R has asserted a federal defense based on Plaintiff's failure to exhaust the mandatory FIRREA claims process with respect to all of Plaintiff's claims. *See* MPA in Supp. of Mot. to Dismiss (ECF No. 17-1) at 8-10. Plaintiff's disagreement with the FDIC-R's federal law defense goes to the merits of the defense (Mot. at 10-12). The Court need only decide whether the FDIC-R's FIRREA claims process argument "presents a colorable issue for decision and is not meritless" to determine that the state law exception does not apply. *Diaz*, 975 F.2d at 1150 (quoting *Reding*, 942 F.2d at 1258). Because the Court must interpret federal law to determine whether Plaintiff's claims are subject to dismissal for failure to exhaust the FIRREA claims process, the FDIC-R's first defense precludes the application of the state law exception for all claims.

**2. Plaintiff's failure to file his complaint in the proper jurisdiction requires interpretation of federal law.**

A second federal defense likewise precludes the application of the state law exception. Under FIRREA, this court lacks subject matter jurisdiction over Plaintiff's claims because suit was brought in the wrong court. *See* MPA in Supp. of Mot. to Dismiss (ECF No. 17-1) at 11-12. Two related provisions of FIRREA limit the courts' jurisdiction to review disallowed receivership claims. Section 1821(d)(13)(D) bars the jurisdiction of all courts over receivership claims unless jurisdiction is "otherwise provided" in section 1821(d). In turn, the only jurisdiction "otherwise provided" is in section 1821(d)(6)(A), which states that, after disallowance, a dissatisfied claimant:

> may . . . file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).

Consequently, only two federal district courts may acquire subject matter jurisdiction over any claims Plaintiff may have: the district "where the failed bank's principal place of business is located, and the United States District Court for the District of Columbia." *MTB Enters. v. ADC Venture 2011-2, LLC*, 780 F.3d 1256, 1259 (9th Cir. 2015); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 537-38 (9th Cir. 2019) ("If the FDIC disallows a claim, the claimant may request administrative review of the claim . . . or file suit on such claim in the district court whose jurisdiction covers the depository institution.") (internal quotation marks and citation omitted); *White v. United States*, Case No. 2:21-CV-0118-JAM-DMC-P, 2022 WL 2307649, at *3 (E.D. Cal. June 27, 2022) (recommending dismissal of claim against the FDIC because "[o]ther than the United States District Court for the District of Columbia, the only court with jurisdiction . . . is the Western District of Washington [the failed bank's principal place of business]."), *report and recommendation adopted by* 2022 WL 4082417, at *1 (E.D. Cal. Sept. 2, 2022).

Even if Plaintiff had exhausted the mandatory FIRREA claims process before filing this case (which he did not), under FIRREA he could only sue in (1) the U.S. District Court for the District of Columbia; or (2) the U.S. District Court for the Southern District of New York, the district in which Signature's principal place of business was located. *See* AC ¶ 9; Grieser Decl. ¶ 4. Much like the FDIC-R's FIRREA claims process defense, under this second defense, the Court must interpret federal law to determine whether Plaintiff's claims against Defendants are subject to dismissal for failure to sue in the proper jurisdiction. Thus, the FDIC-R's second defense precludes the application of the state law exception for all claims.

**3. The issue of the FDIC-R's ownership of the claims that Plaintiff seeks to assert also involves interpretation of federal law.**

The third federal defense that precludes the application of the state law exception is that, under FIRREA, Plaintiff's asserted claims against each Defendant belong to the FDIC-R. *See* MPA in Supp. of Mot. to Dismiss (ECF No. 17-1) at 12-

15. Under FIRREA, the FDIC as receiver succeeds not only to the assets of a failed institution (here Signature) but also to "all rights" of the institution's stockholders (here Plaintiff) with respect to the institution and the assets of the institution:

> The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to—
>
> (i) *all rights, titles, powers, and privileges* of the insured depository institution, and *of any stockholder*, member, accountholder, depositor, officer, or director of such institution *with respect to the institution and the assets of the institution*; . . . .

12 U.S.C. § 1821(d)(2)(A)(i) (emphasis added).

Under this federal statutory provision, the FDIC-R owns all the claims that Plaintiff has asserted against Defendants here because they relate to Signature and the assets of Signature. This result follows from a plain reading of section 1821(d)(2)(A)(i)'s phrase "with respect to" the bank, which broadly includes any rights of a stockholder "pertaining to," "concerning," or "relating to" a failed bank or its assets, regardless of whether those rights are "derivative" or "direct." *Zucker v. Rodriguez*, 919 F.3d 649, 656-57 (1st Cir. 2019) (quoting *Khan v. United States*, 548 F.3d 549, 556 (7th Cir. 2008) and *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018)); *see also Pareto v. FDIC*, 139 F.3d 696, 700 (9th Cir. 1998) ("Congress has transferred everything it could to the FDIC . . . ."); *Am. W. Bank Members v. Utah*, Case No. 2:16-CV-326, 2023 WL 4108352, at *5-8 (D. Utah June 21, 2023) (finding under *Zucker* that plaintiff's claims fell within the scope of FIRREA's succession clause and were assumed by the FDIC upon its appointment as receiver). Accordingly, because all of Plaintiff's claims against Defendants concern acts that allegedly depressed the value of Signature's assets, left Signature's stock valueless, and thus relate to its assets, the claims belong to the FDIC-R under the plain meaning of section 1821(d)(2)(A)(i).

The Court will need to apply federal law to address the FDIC-R's position that it is the real party in interest to assert the claims at issue. Thus, the FDIC-R's third defense precludes the application of the state law exception for all claims against

each Defendant.

* * *

These three defenses involve issues of federal law and render the narrow state law exception to the FDIC removal statute inapplicable. Because the FDIC-R has shown that it has not just colorable but dispositive federal defenses, each of Plaintiff's four arguments (Mot. at 8-13) fail as they all rely on showing that only state law is at issue.

### C. The narrow "state law exception" also does not apply because Plaintiff admits that California law governs his claims, not New York law.

In addition to the presence of dispositive federal defenses, the state law exception also does not apply here because Plaintiff alleges that California law governs this case, not Signature's state law, which is New York. *Compare* AC ¶ 9 ("Signature Bank was incorporated in New York and its head office was located at 565 Fifth Avenue, New York, N.Y.") *and* MPA in Supp. of Mot. to Dismiss (ECF No. 17-1) at 11-12, *with* Mot. at 4 ("the issues presented are controlled by the law of this state, California"), *and id.* at 13 ("Each cause of action was carefully crafted with specificity, capturing the spirit of California Code of Civil Procedure's pleading standards. Each element for each cause of action . . . [is] tethered to California statute or common law.").

The state law exception in section 1819(b)(2)(D)(iii) applies when "only the interpretation of the law of *such* State is necessary," which references the state where the relevant state insured bank was chartered. *See* 12 U.S.C. § 1821(b)(2)(D)(i)-(iii) (emphasis added); *see also See Sheffield v. FDIC*, Case No. 09–00061–KD–M, 2009 WL 3003717, at *4 (S.D. Ala. Sep. 14, 2009) (the modifier "such," as stated in section 1821(d)(2)(D)(iii)'s "such State," specifies the state of the relevant "State insured depository institution").

Here, the term "such state" refers to New York because Signature was chartered in New York. AC ¶ 9; MPA in Supp. of Mot. to Dismiss (ECF No. 17-1)

at 11-12. Plaintiff concedes that his claims are based entirely on California law. Mot. at 4, 8, 13. Thus, the state law exception does not apply here because Plaintiff's claims are based on California law, not New York law. *See Sheffield*, 2009 WL 3003717, at *4 ("'such State' means the State of Texas, as the failed insured depository institution at issue is a Texas state savings bank").

**CONCLUSION**

The FDIC-R respectfully requests that the Court deny Plaintiff's motion to remand in its entirety and grant the FDIC-R such other and further relief as is just and appropriate.

DATED: August 18, 2023

MORTGAGE RECOVERY LAW GROUP, LLP

By: */s/ Michael H. Delbick*
Michael H. Delbick

Ryan A. Kane (*Admitted Pro Hac Vice*)
Adam M. Bialek (*Admitted Pro Hac Vice*)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110

Attorneys for Federal Deposit Insurance Corporation as Receiver for Signature Bank

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Federal Deposit Insurance Corporation as Receiver for Signature Bank certifies that this brief contains 4,205 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 18, 2023 MORTGAGE RECOVERY LAW GROUP, LLP

By: */s/ Michael H. Delbick*
Michael H. Delbick

Attorneys for Federal Deposit Insurance Corporation as Receiver for Signature Bank