UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-01206-JVS(KESx)                               Date   September 28, 2023

Title      Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al.

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss [17] and Motion to Remand [18]**

Before the Court are two motions.

Defendant Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for Signature Bank ("Signature") moves to dismiss. (Mot. to Dismiss, Dkt. No. 17.) Plaintiff Cameron N. Verdi ("Verdi") opposes. (Opp'n Dismiss, Dkt. No. 22.) FDIC-R replied. (Reply Dismiss, Dkt. No. 25.)

Verdi moves to remand. (Mot. to Remand, Dkt. No. 18.) FDIC-R opposes. (Opp'n Remand, Dkt. No. 21.)

For the following reasons, the Court **GRANTS** the motion to dismiss and **DENIES** the motion to remand.

## I. BACKGROUND

According to the First Amended Complaint ("FAC"), Verdi purchased Signature's publicly traded securities between March 1, 2022, and March 10, 2023. (FAC, Dkt. No. 1-8, at 2.) Some of the shares were purchased after Signature made public statements, such as those announcing its decreased exposure to the crypto industry and strong financial position in the wake of Silicon Valley Bank's failure. (Id. at 5–6.) Trading in Signature's shares were halted from March 10, 2023, to March 28, 2023. (Id. at 19.) On March 12, 2023, New York Department of Financial Services ("NYDFS") took control of Signature. (Id. at 8.) That day, federal regulators issued a joint statement:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

> All depositors of [Signature] will be made whole. As with the resolution of Silicon Valley Bank, no losses will be borne by the taxpayer. Shareholders and certain unsecured debtholders will not be protected. Senior management has also been removed. Any losses to the Deposit Insurance Fund to support uninsured depositors will be recovered by a special assessment on banks, as required by law.

(FAC at 9–10.) FDIC-R was appointed Receiver for Signature that month. (Mot. to Dismiss at 1.)

On April 15, 2023, Verdi submitted an administrative claim with FDIC-R under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") seeking damages based on tort claims. (Id. at 3.) On April 17, 2023, Verdi filed his Complaint against Signature, Joseph DePaolo, Stephen Wyremski, Eric Howell, and Does 1–10 in California Superior Court. (Compl., Dkt. No. 1-5.)

On April 21, 2023, Verdi filed his FAC. (FAC at 1.) The FAC states causes of action including fraudulent concealment, constructive fraud, and aiding and abetting breach of fiduciary duty against all Defendants and conspiracy to defraud, breach of fiduciary duty, and breach of duty of loyalty against DePaolo, Wyremski, Howell, and Does 1–10. (Id. ¶¶ 141–201.) The FAC bases its causes of action in allegations including the following: (1) Signature represented having strong business fundamentals in the days before its takeover by regulators, (2) Signature's failure to take action left it vulnerable to takeover, (3) Signature officers agreed to misrepresent facts, (4) Signature's officers did not disclose in their March 2 and March 9 Updates that FDIC examiners raised concerns. (Id. ¶¶ 143–48.)

Specifically, Verdi alleges that Signature made the following statements:

(e) Signature Bank was not a "proven, stable commercial banking business model,"

(f) Signature Bank did not have in excess of $100 billion in "well-diversified assets,"

(g) Signature Bank did not have a "diversified deposit mix,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

    (h) Signature Bank did not have a "strong, well-diversified financial position,"

    (i) Signature Bank was not "capable of meeting all client needs,"

    (j) Signature Bank did not "maintain a high level of capital,"

    (k) Signature Bank did not have a "strong liquidity profile."

(Id. ¶ 143.) Verdi alleges that Signature had internal discussions about the possibility of a regulatory takeover before its March 2 and March 9 Updates, but neither statement disclosed the possibility to the public. (Id. ¶ 174.)

    On July 5, 2023, FDIC-R filed a Notice of Substitution for Signature in Superior Court. (Dkt. No. 1-3.) On July 6, 2023, FDIC-R filed its Notice of Removal. (Dkt. No. 1.)

    The 180-day statutory claims determination period began on April 15, 2023, and will expire on October 12, 2023. (Mot. to Dismiss at 4.) Verdi's administrative claim is still pending. (Mot. to Dismiss at 1.)

## II. LEGAL STANDARD

    A.    *Motion to Remand*

    Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

    Generally, a defendant must remove an eligible civil action within thirty days of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

receiving service of the complaint. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order a remand in violation of Section 1447(c). Id.

    B.    *Motion to Dismiss*

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

    C.    *Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")*

Congress passed FIRREA in the wake of the savings and loan crisis of the 1980s "to give the FDIC power to take all actions necessary to resolve the problems posed by a financial institution in default." Sahni v. Am. Diversified Partners, 83 F.3d 1054, 1058 (9th Cir. 1996) (quoting H.R. Rep. No. 101-54(I), at 330 (1989), reprinted in 1989 U.S.C.C.A.N. 86, 126 (internal quotation marks omitted)). FIRREA authorizes the FDIC to "act as receiver or conservator of a failed institution for the protection of depositors and creditors." Sharpe v. FDIC, 126 F.3d 1147, 1154 (9th Cir. 1997). Once the FDIC has assumed receivership of a bank, FIRREA requires claimants to exhaust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

administrative remedies before filing certain claims. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir. 2012).

The statute outlines the administrative claims process that claimants must exhaust before filing in court. 12 U.S.C. § 1821(d)(6). "On the face of the statute, 12 U.S.C. § 1821(d)(13)(D), FIRREA's exhaustion requirement applies to any claim or action respecting the assets of a failed institution for which the FDIC is receiver." McCarthy v. FDIC, 348 F.3d 1075, 1081 (9th Cir. 2003) (noting just the limited exceptions of claims in connection with bankruptcy proceedings or "breach of contract fully performed by the aggrieved party but not repudiated by the receiver"). "If the claim is disallowed, or if [] 180 days expire without a determination by the FDIC, then the claimant may request further administrative consideration of the claim, or seek judicial review." Henderson v. Bank of New England, 986 F.2d 319, 320 (9th Cir. 1993). The statute further provides:

> (D) Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). "The phrase 'except as otherwise provided in this subsection' refers to a provision that allows jurisdiction after the administrative claims process has been completed." McCarthy, 348 F.3d at 1078 (citing Sharpe, 126 F.3d at 1156). "The statute contains no provision granting federal jurisdiction to claims filed after a receiver is appointed by before administrative exhaustion." Henderson, 986 F.2d at 320 (citing Meliezer v. RTC, 952 F.2d 879, 882 (5th Cir. 1992).

### III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01206-JVS(KESx)                           Date  September 28, 2023

Title  Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al.

    The parties' motions both raise the same basic issue: whether the action is properly before this Court. We resolve the Motion to Remand before turning to the Motion to Dismiss.

    *A.    Motion to Remand*

    FDIC-R removed this action from California Superior Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(a). (Dkt. No. 1, at 1.) Section 1819(b)(2)(B) provides:

> Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. § 1819(b)(2)(B). The statute's state action exception consists of a three-part test:

> Except as provided in subparagraph (E), any action–
>
> (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary,
>
> shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

Verdi argues that the case belongs in state court for four reasons: (1) the case satisfies the three-prong test of the state action exception, (2) the FAC does not state a federal question, (3) FDIC-R's federal law defenses do not support removal, and (4) Verdi could not have brought this action in federal court. (Mot. to Remand at 1.)

FDIC-R argues that § 1819 and § 1441 confer it with the broad removal authority over Verdi's claims. (Opp'n Remand at 5.) FDIC-R also argues that the state law exception does not apply because its three substantive defenses—Verdi's failure to comply with FIRREA, Verdi's failure to file complaint in the proper jurisdiction, and FDIC-R's ownership of Verdi's claims—require interpretation of federal law. (Id. at 7–11.)

FIRREA confers FDIC-R the clear authority to remove this action to federal district court. Because fewer than ninety days elapsed between Verdi's filing of this action in California Superior Court on April 17, 2023, and FDIC-R's Notice of Removal on July 6, 2023, the ninety-day statutory requirement for removal under § 1819(b)(2)(B) is met. Moreover, original jurisdiction would lie with this Court under § 1441 as a function of § 1819(b)(2)(A), which provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

Whether removal was proper turns on the application of the § 1819(b)(2)(D) state action exception. The first two prongs are met. FDIC-R is receiver of the New York insured depository institution Signature as appointed by NYDFS. FDIC-R is a Defendant in this action. The action involves the preclosing rights and obligations owed to a stockholder.

But this action does not meet the state action exception under the third prong, "in which only the interpretation of the law of such State is necessary." First, the standard expressed in the statute is broader than the "well-pleaded complaint" rule. FDIC-R cites cases instructive on this point. "Courts have abandoned the well-pleaded complaint rule under section 1819(b)(2)(D) in favor of a test which focuses on th question of whether the federal defenses are colorable." Pollock v. FDIC, 17 F.3d 798, 802 (5th Cir. 1994); see also Capizzi v. FDIC, 937 F.2d 8, 10-11 (1st Cir. 1991); Lazuka v. FDIC, 931 F.2d 1530, 1533-34, 1538 (11th Cir. 1991) (superseded by statute on other grounds); Reding v. FDIC, 942 F.2d 1254, 1257-58 (8th Cir. 1991); FDIC v. Davidyuk, Case No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

C13–1592JLR, 2014 WL 2893309, at *5 (W.D. Wash. June 25, 2014). If a court is presented with a defense arising under federal law, and consideration of that defense is necessary to the disposition of the action, then it cannot be said that "only the interpretation of the law of such State is necessary." FDIC-R asserts several colorable defenses arising under federal law, including compliance with FIRREA as discussed *infra*. Second, the state action exception requires "the interpretation of the law of *such* State," not *any* State. The statute's use of the words "*such* State" limit the scope of the exception in the context of the statute's prior references to "a State insured depository institution by the exclusive appointment by State authorities," thus operating as a definite reference to the law of the aforementioned depository institution's state of incorporation. Verdi's claims arise under California law, yet Signature was incorporated in New York.

FDIC-R has removal authority under § 1819(b)(2)(B) and § 1441, and the state action exception under § 1819(b)(2)(D) does not apply. Accordingly, the Motion to Remand must be denied.

B.   *Motion to Dismiss*

FDIC-R argues that the Court does not have subject-matter jurisdiction over this case because Verdi has not exhausted administrative remedies under FIRREA. (Mot. to Dismiss at 8.) FDIC-R argues that the claim falls within the scope of FIRREA because they relate to receivership assets under § 1821(d)(13)(D)(i) and the acts and omissions of Signature under § 1821(d)(13)(D)(ii). (Mot. to Dismiss at 9–10.) FDIC-R asserts that Verdi's administrative remedies have not been exhausted because FDIC-R has not made a determination regarding Verdi's administrative claim and the 180-day period has not expired. (Mot. to Dismiss at 8; Greiser Decl., Dkt. No. 17-2, at 1.)

Verdi argues that the FDIC-R's Notice of Removal serves as an acknowledgment that the administrative claim process has been exhausted because the Court could not exercise subject-matter jurisdiction had the claim not been exhausted. (Mot. to Remand at 12.) Verdi asserts that the federal regulators' statement that "[s]hareholders and certain unsecured debtholders will not be protected" meant that his claim was "fully addressed or exhausted." (Opp'n Remove at 8–9.) Verdi also argues that his claims do not belong to FDIC-R because they are direct rather than derivative claims. (Id. at 13–14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01206-JVS(KESx) | Date | September 28, 2023 |
| Title | Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al. | | |

"Litigants cannot avoid FIRREA's administrative requirements through strategic pleading." Benson, 673 F.3d at 1209. Any question as to the application of FIRREA over Verdi's claims is easily answered by the plain meaning of § 1821(d)(13)(D). The statute limits the Court's jurisdiction over "any claim relating to any act or omission" of an institution for which the FDIC has been appointed receiver. 12 U.S.C. § 1821(d)(13)(D)(ii). Verdi's allegations concern acts by Signature as an entity and its officers. (FAC ¶ 78.) Verdi alleges that Defendants knowingly made materially false or misleading statements and failed to disclose adverse facts pertaining to Signature's business prior to its receivership by FDIC-R. (FAC ¶ 40.) The Ninth Circuit has read the plain meaning of the statute broadly as it pertains to whom the exhaustion requirement applies. See McCarthy, 348 F.3d at 1077 (applying the statute to a breach of fiduciary duty claim regardless of whether it was brought by a creditor or debtor and holding that the statute "plainly states that *any* claim or action that asserts a right to assets of a failed institution is subject to exhaustion"). Verdi's status as a stockholder and the characterization of his claims as derivative or direct do not take his claims out from under the exhaustion requirement.

The fact that Verdi alleges causes of action against Defendants other than FDIC-R does not avoid the exhaustion requirement either. "Notably, the provision does not make any distinction based on the identity of the party from whom relief is sought." Benson, 673 F.3d at 1212. In Benson, a plaintiff sued a bank that had purchased a failed bank from the FDIC receivership but did not sue the FDIC itself. Id. at 1209. The Ninth Circuit affirmed the district court's dismissal of claims against the bank because the claims related to acts and omissions by the failed bank prior to receivership and the plaintiff had not exhausted administrative remedies with the FDIC under FIRREA. Id. at 1215.

Simply put, Verdi filed this suit before exhausting his administrative remedies under § 1821. It is in precisely these circumstances that the statute states "no court shall have jurisdiction." 12 U.S.C. § 1821(d)(13)(D). Neither a formal FDIC-R determination on Verdi's claim nor the expiration of the 180-day statutory window have occurred. Nowhere in the statute does it state that a Notice of Removal by FDIC-R grants subject-matter jurisdiction or waives the exhaustion requirement. Nowhere in the statute does it state that public statements by regulators may meet the exhaustion requirement. Where the claims relate to an act or omission of an institution under the receivership of the FDIC, the court lacks jurisdiction prior to administrative exhaustion—no matter the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01206-JVS(KESx)  Date  September 28, 2023

Title  Cameron N. Verdi vs. Federal Deposit Insurance Corp. et al.

defendant.  While the language of § 1821(d)(13)(D)(i) relates to claims seeking the assets of an institution, the broad language of § 1821(d)(13)(D)(ii) does not contain a limitation that might otherwise foreclose recovery from defendants other than FDIC-R.  Although Verdi brings this action against a number of individual Defendants in addition to FDIC-R, the statute supports dismissal with regard to all Defendants.

The Court finds that it lacks subject-matter jurisdiction over the claims asserted here, and it therefore does not reach the parties' other arguments.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss without prejudice and **DENIES** the motion to remand.  The Court finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court VACATES the October 2, 2023, hearing.

**IT IS SO ORDERED.**